# Richmond

### JOHN COOPER ROBINSON v. G. B. KITTRELL AND V. F. KITTRELL.

January 14, 1937.

Present, All the Justices.

The opinion states the case.

*James G. Martin & Son, Tom E. Gilman* and *Harry Cuthriell*, for the plaintiff in error.

*A. A. Bangel* and *Robert F. McMurran,* for the defendants in error.

GREGORY, J., delivered the opinion of the court.

The car of John C. Robinson, while being driven by him late at night in a northerly direction on Fourth street in the city of Portsmouth, was struck on the rear end by the car of George B. Kittrell. The latter's car was being driven at the time by his son, Vernon F. Kittrell. Robinson sustained personal injuries and his car was materially damaged for which he instituted an action against Kittrell and his son. At the conclusion of the evidence, the attorneys for the Kittrells moved to strike all of the evidence on the ground that no negligence on the part of the driver of Kittrell's car had been shown, and, further, upon the ground that, even if he had been guilty of negligence, Robinson was guilty of contributory negligence as a matter of law in passing the Kittrell car in an intersection and therefore, he could not successfully sustain any action against the Kittrells. The lower court sustained the motion on the ground that Robinson was passing the Kittrell car in an intersection in violation of Code, section 2154 (109), subsection c (seventh), and therefore was guilty of contributory negligence. The evidence having been stricken out, the jury returned a verdict for the defendants. Judgment was pronounced thereon. The action of the court in striking the evidence is before us for review. The propriety of this action of the court is the sole question before us.

For the purpose of a correct determination of the case it will not be necessary to recite all of the evidence. A discussion and analysis of that portion of it which is favorable to the plaintiff will suffice.

Fourth street, which is straight at the point where it intersects Lincoln street, is 56 feet wide and runs north and south. It is level and intersects Lincoln street at right angles. Lincoln street is also level and runs east and west. It is 36 feet

in width. Both cars were being operated in a northerly direction along Fourth street.

Robinson, who had been employed in the Navy Yard for 25 years and who was then employed there as a pipefitter, quit work just before midnight on December 5th, and started home driving his car. He was driving on Fourth street and noticed the Kittrell car ahead of him when he was two blocks away from the scene of the accident. He desired to pass the Kittrell car and sounded his horn three times. He proceeded to pass and just as he had "practically" passed the Kittrell car, the driver of the latter car turned to the left to go on Lincoln street and drove into the rear end of his (Robinson's) car, causing the car to go out of control and resulting in personal injuries to Robinson and damage to his car.

Photographs of the two cars were introduced and they show indentations on the rear of Robinson's car just to the right of the rear spare tire rack. They corroborate Robinson's account of the accident. He testified that when his car was struck in the rear, the front end had "about reached the center of Lincoln street." He further testified that he was not passing the Kittrell car in the intersection but had "practically" passed and that he had driven over the south line of Lincoln street, if it were extended, before his car was struck. From this testimony the jury could have reasonably concluded that Robinson had passed the Kittrell car before the intersection was reached. Again, the jury might have reasonably concluded, after a consideration of all of the evidence, that Robinson was passing the Kittrell car in the intersection and in doing so violated the statute, yet that such conduct was not the proximate cause of the accident. They may have thought that the driver of the Kittrell car turned to the left and crashed into the rear of the Robinson car, which was bound to have been in plain view, and that this was the sole proximate cause of the injuries to Robinson and the damage to his car.

We think the physical facts and the testimony of Robinson, if believed, would support a finding in his favor. If

a verdict had been found for Robinson on this evidence we believe it would have been sufficiently supported and could not have been properly set aside on the ground that it was without evidence to support it.

■ Little can be added to what has already been said about the effect of a motion to strike out all of the evidence in cases of this kind. It is now elementary that trial courts in considering such a motion should in every case where there is a fair doubt about the sufficiency of the evidence, overrule the motion. The motion should be sustained only where it is clearly apparent that the plaintiff has no case. Most of the cases are cited and analyzed in Burks' Pleading and Practice (3d Ed.), section 256.

We are of opinion that the judgment should be reversed and the case remanded for a new trial.

*Reversed.*